UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMAEL DIEGO ANTONIO,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Case No. 1:26-cv-06284 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 3 |

Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) and a Motion for Temporary Restraining Order (Dkt. No. 3) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner entered the United States sometime in 2010 without inspection by immigration authorities. Dkt. No. 1 ¶ 19. He came to the attention of ICE in 2015 following an overnight arrest for disorderly conduct. *Id*. ¶ 20. Rather than taking him into custody, ICE released Petitioner on his own recognizance. *Id*. Petitioner was arrested by ICE again in 2017, placed in removal proceedings, and then released on a $4,000 bond. *Id*. ¶ 21. Those removal proceedings were dismissed in 2022. *Id*. During this period of freedom Petitioner got married and started a family. *Id*. ¶ 18. He is the soul financial provider for his wife and five children. *Id*.

In September 2025, Petitioner came to ICE's attention again following an arrest for domestic violence. *Id*. ¶ 22; Dkt. No. 7-1 at 2. Petitioner was arrested by ICE roughly seven months later on April 8, 2026 and placed in removal proceedings. Dkt. No. 1 ¶ 23. He was ordered

removed by an Immigration Judge on July 6, 2026, and timely appealed the removal order to the Board of Immigration Appeals. Dkt. No. 1-4 at 2; Dkt. No. 8 at 5.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On August 10, 2026, the Court issued an order to show cause on the motion for a temporary restraining order directing Respondents to identify any factual issues which distinguish this case from the Courts' prior orders, and inform the Court whether Respondents' opposed the Court ruling on the underlying petition. *See* Dkt. No. 6. Respondents filed a response on August 13, 2026 in which they did not oppose ruling on the underlying petition. *See* Dkt. No. 7. To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore categorically ineligible for a bond hearing. *Id.* at 1. Courts nationwide, including this one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy unlawful. The Court does the same here.

Respondents further argue that their failure to provide Petitioner with predeprivation process was that he was detained following an arrest for domestic violence. *Id.* at 1. In instances

where the Government has previously detained and then released a noncitizen, Courts in this Circuit have generally ordered release and a pre-deprivation hearing. However, under circumstances where an individual has been arrested for a serious offense, courts have found that "providing Petitioner with notice and a pre-deprivation hearing [prior to detention] would have been impracticable and/or would have motivated his flight." *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025) (collecting cases ordering bond hearings, rather than release, under similar circumstances); *Singh v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01502-JLT-SAB, 2026 WL 753640 (E.D. Cal. Mar. 17, 2026) (ordering post-deprivation hearing given petitioner's recent arrest for forgery); *Aryan v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-01142-JLT-SAB, 2026 WL 707431 (E.D. Cal. Mar. 13, 2026) (similar). "[A]llowing a neutral arbiter to review the facts would significantly reduce the risk of erroneous deprivation[]" here. *Guillermo M. R.*, 791 F.Supp.3d at 1035. Thus, the Court concludes that prompt, post-deprivation process is required here in light of Petitioner's arrest.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED in part, for the reasons stated in those prior orders. Within fourteen (14) days of entry of this order, Respondents SHALL provide Petitioner with a substantive bond hearing bond hearing before an immigration judge where the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify denial of bond. In the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond, the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner. The bond hearing may be rescheduled to a later date upon Petitioner's request.

United States District Court
Eastern District of California

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 17, 2026

EDWARD J. DAVILA
United States District Judge